[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties herein intermarried on August 6, 1994 at Old Saybrook, Connecticut. One of the parties to this marriage for at least twelve months next preceding April 6, 1995 had been a resident of the State of Connecticut. There are no minor children born to the defendant since the date of this marriage. Neither of the parties is currently receiving or has received State, Municipal or Federal aid. The court finds that it has jurisdiction over these parties and their marriage.
Based upon the relevant, admissible and credible evidence presented to this court and taking into account the statutory criteria provided by law for consideration in allocating alimony and/or property disposition orders, the following constitute the findings of fact and conclusions of law with respect to this matter. The was the second marriage for both parties. In 1993 the plaintiff called the defendant and asked her out. She was in the process of getting a divorce from her first husband. The defendant had three younger children of her first marriage. The plaintiff has three children born of his first marriage and his first wife died as a result of cancer. Her mother, the maternal grandmother of his minor children has substantially taken care of these children since that time.
These parties entered into this marriage full well knowing that it was a risky venture according to their own conversation and that marriages of this type suffered a very high casualty rate. Having married in August 1994 and separated some time in late March of 1995, the parties only actually lived together for a period of about nine weeks. The plaintiff is a fisherman who goes off for sustained periods of time in his employment as a CT Page 12541-L commercial fisherman in the waters off Alaska. The court concludes that the marriage has in fact brokendown irretrievably. It is a marriage that never really got off the ground and whatever fault the court is able to find in connection with the breakup of the marriage is attributed equally to the parties. In the words of one of them it is a joint venture, and this venture never really succeeded or had a relatively good chance of success. The children were unhappy and the marriage did not work.
At the time she separated she allocated to herself $7,900 of his funds. The plaintiff has been paying to the defendant the sum of $500 per week as alimony and has paid pursuant to a pendente lite order $2,500 attorney's fees.
Pursuant to court orders she has removed herself from his home, a residence that he owned prior to any association that the plaintiff had with the defendant and therein live his children under the care of their maternal grandmother when the plaintiff is not at home. A decree is entered dissolving the marriage. The defendant is ordered to return to the plaintiff the GMC Jimmy vehicle and the childrens' birth certificates if indeed she has possession of the same. The plaintiff is ordered to make whatever arrangements necessary to allow the defendant herself to be covered under the provisions of his health insurance at her expense should she so elect for the statutory COBRA period. The court finds no basis upon which to make any further award of alimony. The parties are to retain possession of the personal property presently within their physical possession with the exception of the prior order concerning the mother vehicle to be returned to the plaintiff, and a coffee table/end table is to be returned to the plaintiff.
The plaintiff and defendant shall each retain the assets and be responsible solely for the liabilities as shown on the respective affidavits.
It is so ordered.
Higgins, J.
Judgment entered in accordance with Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk CT Page 12541-M